# Federal Defenders
## OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

*David E. Patton*
*Executive Director*
*and Attorney-in-Chief*

*Southern District of New York*
*Jennifer L. Brown*
*Attorney-in-Charge*

June 11, 2020

**VIA ECF**
Honorable Ronnie Abrams
Honorable Sarah Netburn
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

Application granted. The Court waives the issuance of a Presenetnce Investigation Report.

SO ORDERED.

Ronnie Abrams, U.S.D.J.
June 12, 2020

Re:   **United States v. James Tindley**
      **16 Cr. 784 (RA)**

Dear Judge Abrams and Judge Netburn,

We are in receipt of the Court's endorsed Order, scheduling a plea and sentence in the above-captioned case for August 4, 2020.  Dkt. No. 35.  The Order further directs a Presentence Report (PSR) to be prepared.  Id.

We write to request that the Court waive the preparation of a PSR.  We submit that the Court has sufficient "information in the record…to meaningfully exercise its sentencing authority under 18 U.S.C. § 3553."  Fed. R. Crim. P. 32(c)(1)(A)(ii).  Per Rule 32, the PSR is supposed to provide two categories of information: (1) "apply the advisory sentencing guidelines" and (2) "additional information," which includes the defendant's history and characteristics, victim information, restitution and forfeiture, and other relevant information.  See Fed. R. Crim. P. 32(d)(1), (2).

In this case, because Mr. Tindley is expected to plead guilty to a B misdemeanor, the sentencing guidelines do not apply.  See U.S.S.G. § 1B1.9.  Thus, the Court does not need Probation's calculation of the guidelines, because none will exist in this case.

Second, we submit that given the unique history of this case, the Court has access to the "additional information" from sources other than the PSR.  Regarding Mr. Tindley's history and characteristics, the Court is better acquainted with Mr. Tindley than most judges will ever be at sentencing, given his participation in the Young Adult Opportunity Program (YAOP) and the intensive Pretrial supervision that comes with it.  The Court has been learning about James, meeting with James, and keeping track of his progress for more than three years to date.  Thus,

no PSR is necessary to tell the Court about him.  Furthermore, defense counsel will provide a sentencing submission in advance of the August 4, 2020 proceeding, which will include any updated information.

Regarding information about victims, restitution, and forfeiture, the government will be able to provide all such information in its submission in advance of sentencing.  (Indeed, the parties have already agreed on a restitution amount in the proposed plea agreement.)

For all of these reasons, we move to waive the Presentence Report in the above-captioned case.  The government, by Assistant United States Attorney Michael McGinnis, takes no position on this request.

Thank you for your consideration.

Respectfully submitted,
/s/
Sylvie Levine
Assistant Federal Defender
(212) 417-8729